UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-785-JCH |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
| Defendant. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center (MSOTC), seeks monetary and declaratory relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendant is Alan Blake (MSOTC Administrative Director).

Plaintiff challenges the constitutionality of Missouri's Sexually Violent Predators Act (SVPA), Mo. Rev. Stat. §§ 632.480-513, and, more specifically, the 2004 amendments thereto.[1] Plaintiff alleges that the release procedures of § 632.498 were changed by the 2004 amendments. According to plaintiff, the amendments fail to "strike the proper balance between the liberty interests of the individual and the safety interests of society" and fail "to provide a meaningful means to achieve re-integration with society." Plaintiff also asserts that he is unduly burdened in seeking a release trial by the preponderance of the evidence standard.

**Discussion**

A favorable ruling on plaintiff's § 1983 claim that Missouri's SVPA is unconstitutional would necessarily imply the invalidity of plaintiff's current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of his confinement. *See*

---

[1] Missouri's Sexually Violent Predators Act authorizes the civil commitment of persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility. *See* Mo. Rev. Stat. 632.480, et seq.

2

*Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Even if the Court liberally construed this action as a federal habeas corpus action, there is no indication that plaintiff has previously presented his claims relative to the unconstitutionality of § 632.480 and the 2004 amendments to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. Finally, any request for monetary damages as result of his current confinement is foreclosed at this time by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Therefore, having carefully considered plaintiff's claims, the Court concludes that the instant action is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. 4] be **DENIED**, as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to declare the 2004 amendments to § 632.498 unconstitutional [Doc. 5] be **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for release [Doc. 6] be **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process

to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 12th day of June, 2006.


 /s/ Jean C. Hamilton
 **UNITED STATES DISTRICT JUDGE**